Case 4:15-cv-02226 Document 30 Filed in TXSD on 06/10/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 10, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE SMITH, Individually and as Next Friend of the Estate of Danarian Hawkins, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2226 |
| HARRIS COUNTY, TEXAS, | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending is Defendant Harris County's Second Motion to Dismiss for Failure to State a Claim (Document No. 22). After carefully considering the motion, response, and applicable law, the Court concludes as follows.

Plaintiff Jacqueline Smith's ("Smith") suit against Defendant Harris County (the "County") is based on the tragic suicide of her son Danarian Hawkins ("Hawkins"), while he was detained awaiting trial on robbery charges in the Harris County Jail.[1] Smith alleges that Hawkins was diagnosed with paranoid schizophrenia and bipolar disorder and that during his detention he attempted suicide "nearly a half-dozen times" by hanging and once by "hoarding his prescribed medication for weeks and consuming it all at once."[2] Smith further

---

[1] Document No. 21 (Pl's 2d Am. Compl.).

[2] Id. ¶ 16.

alleges that she "and other family members wrote letters to Harris county officials--including then-Harris County Sheriff Adrian Garcia and Judge Michael T. McSpadden--begging for accommodations to prevent Danarian's suicide."[3] Smith alleges that "she and her son both made request for accommodations to allow her to visit, but Harris County Jail staff denied these benefits and excluded [Hawkins] from the visitation program in a counterintuitive effort to punish him deliberately and because of his mental disability for attempting to commit suicide."[4]

Ultimately, on February 5, 2014, after Hawkins had been left "alone in a cell on block 2J2," guards found Hawkins dead "hanging from Harris County's bedsheet and using Harris County's smoke detector as a ligature point."[5] Based on these facts, Smith alleges claims against the County for violation of the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act (the "RA").[6] The County moves for dismissal of Smith's complaint.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or

---

[3] Id. ¶ 20.

[4] Id.

[5] Id. ¶ 23.

[6] *See generally* id.

2

admission, its task is inevitably a limited one. *See* <u>Scheuer v. Rhodes</u>, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. <u>Id.</u>

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* <u>Lowrey v. Tex. A&M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).

Smith alleges that she brings ADA and RA claims "on behalf of herself and her son's estate under the Texas Survival Statute and the Texas Wrongful Death Act, which are incorporated for standing purposes into the Americans with Disabilities Act." The County's challenge to Plaintiff's assertion of Plaintiff's standing to allege ADA and RA claims for Hawkins's Estate and individually for herself requires an analysis of first, whether Hawkins's claims survived his death such that his Estate has standing to assert them; second, if so, who has capacity to assert the Estate's

claims; and third, whether Smith individually has cognizable claims for damages under the ADA and RA.[7]

### Standing to Sue

Generally, claims for recovery of damages sustained by reason of civil rights violations survive the aggrieved person's death, if the applicable state law creates a survival action. *See* Spence v. Staras, 507 F.2d 554 (7th Cir. 1974). Either by way of reference to 42 U.S.C. § 1988, or by reference to federal common law, courts have proceeded to rely on state survival law in making these determinations. Slade for Estate of Slade v. U.S. Postal Service, 952 F.2d 357, 360 (10th Cir. 1991) provides an apt summary of the approach:

> "The question of the survival of an action grounded in federal law is governed by federal common law when, as here, there is no expression of contrary intent." Smith v. Department of Human Servs., 876 F.2d 832, 834 (10th Cir. 1989). "[I]f federal law does not provide a rule of decision in a civil rights case, federal law will incorporate the appropriate state law, unless that law is 'inconsistent with the Constitution and laws of the United States.'" Bennett v. Tucker, 827 F.2d 63, 67 (7th Cir. 1987) (quoting 42 U.S.C. § 1988). The relevant law here is the state statute for survival of personal injury actions. *See* id. at 67-68. OKLA. STAT. ANN. tit. 12, § 1051 (West 1988) states that a cause of action for injury to the person shall survive the claimant's death.

---

[7] The County correctly argues that it has governmental immunity and is exempt from any state law claim under Texas's Wrongful Death Statute. TEX. CIV. PRAC. & REM. CODE §§ 71.001(1), 101.021. Moreover, nothing in § 71.001(1) appears to provide "standing" to assert ADA and RA claims.

4

> Accordingly, the pending claim in this case survived the Plaintiff's death . . . .

Although Section 1988's specific references to titles 13, 24, and 70 of the Revised Statutes would seem not to include codifications of the ADA and RA, the Fifth Circuit has twice cited Section 1988 as the basis for incorporating Texas law regarding the applicable limitations period for the filing of actions under the ADA and RA. *See* Holmes v. Tex. A&M Univ., 145 F.3d 681 (5th Cir. 1998); Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 982 (5th Cir. 1992). In Holmes, the Court wrote:

> Neither Title II of the ADA nor the Rehabilitation Act specify a statute of limitations. The selection of a limitations period applicable to Rehabilitation Act cases is governed by 42 U.S.C. § 1988(a), which directs the court to 1) follow federal law if federal law provides a limitations period; 2) apply the common law, as modified by state constitution or statute, if no limitations period is provided by federal law; but 3) apply state law only if it is not inconsistent with the Constitution and the laws of the United States.

Holmes, 145 F.3d at 684.

Very recently the Fifth Circuit expressly relied on Texas common law to uphold under the ADA and RA an award to parents of their minor child's medical expenses, by analogy citing with approval Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 898 (7th Cir. 1997), for the proposition that courts "have looked to the common law to determine when civil rights claims survive the death of the aggrieved." Rideau v. Keller Indep. Sch. Dist., 819 F.3d

5

155, 161 (5th Cir. 2016). The Seventh Circuit case relied on in Rideaux had held that under the Wisconsin survival statute--which essentially is the same as Texas's-- the deceased's ADA claims (if otherwise sustainable) survived and the decedent's estate was entitled to bring suit on the same. Hutchinson ex. rel. Baker v. Spink, 126 F.3d 895, 898 (7th Cir. 1997). Thus, either by virtue of federal common law that requires within the bounds described above consideration of state law to ascertain if one's claims under the civil rights statutes survive the claimant's death, or by application of 42 U.S.C. § 1988 if it applies, in Texas personal injury or tort-like claims for damages under the ADA and RA survive the decedent's death in favor of his heirs, legal representatives, and estate. TEX. CIV. PRAC. & REM. CODE § 71.021(b).

In Texas, the decedent's estate "has a justiciable interest in the controversy sufficient to confer standing." Austin Nursing Center, Inc. v. Lovato, 171 S.W.3d 845, 850 (Tex. 2005). In Lovato, the Texas Supreme Court quoted with approval the holding of Glickstine v. Sun Bank Miami, N.A., 922 F.2d 666, 670 (11th Cir. 1991), that "[t]he traditional requirement that the plaintiff show an injury in fact that is fairly traceable to the conduct of the defendant is met by the allegation in the complaint that the defendants' actions resulted in the diminishment of the assets of the estate." Id. Thus, "when a decedent has been personally aggrieved by a defendant's conduct, the survival action advances a

6

'real controversy' between the estate and the defendant that 'will be actually determined by the judicial declaration sought.'" Id., quoting Nootsie Ltd. v. Williamson Cty. Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996). Hawkins's estate therefore has standing to bring the ADA and RA tort-like damage claims alleged to have been sustained by Hawkins before his death.

## Capacity to Sue

The second question is who has capacity to bring such claims on behalf of Hawkins's estate. The capacity of one to sue is determined by the law of the state where the court is located. *See* FED. R. CIV. P. 17(b)(3). In Texas, the general rule is that "only the estate's personal representative has the capacity to bring a survival claim." Lovato, 171 S.W.3d at 850. Plaintiff in her Second Amended Complaint pleads alleged claims of Hawkins's Estate as the "next friend of the estate of Denarian Hawkins." The authority to commence suit for damages in behalf of the estate of a decedent, however, is conferred by statute on "[a]n executor or administrator appointed in this state." TEX. EST. CODE ANN. § 351.054. Likewise, "[t]he executor or administrator shall recover possession of the estate and hold the estate in trust to be disposed of in accordance with the law." Id. at § 101.003. In this connection, a well-developed body of statutes and case law spell out the personal representative's fiduciary duties. Here,

however, Plaintiff has not alleged nor shown that she is either the appointed and qualified executrix or administratrix of Hawkins's estate, and hence has not shown that she has the capacity to file a lawsuit to recover damages for his estate. Moreover, to the extent that Texas law arguably permits in limited circumstances heirs at law to maintain a survival suit, see Lovato, 171 S.W.3d at 850-51, Plaintiff has alleged no facts to support such a claim and to show that she is the sole heir entitled, if at all, to file such a claim for the estate.[8]

Where, as here, the real party in interest has not been joined, the Court is obliged to permit a reasonable time for the real party in interest to be joined or substituted into the action. See FED. R. CIV. P. 17(a)(3). Accordingly, the action putatively brought in behalf of Hawkins's estate will be stayed for a period of twenty-one (21) days (subject to enlargement if additional time is necessary to complete proceedings in an appropriate probate court), to allow for one who is lawfully empowered as personal representative of the Estate to join or to substitute as the party Plaintiff.

---

[8] The Court on this record does not know if this exception could apply, but observes that a meritorious claim, if any, held by Hawkins's Estate clearly can be prosecuted under authority of the Texas Estates Code by the Estate's executor or administrator. TEX. EST. CODE ANN., ¶ 351.054; see also FED. R. CIV. P. 17(a)(1)(A) and (B).

## Smith's Individual Claims

Smith also asserts claims in her own behalf individually, not as a qualified individual with a disability herself, but as a bystander asserting claims related to her own suffering as a result of her son's treatment. Thus, she claims entitlement under the ADA and RA to recover damages for "past physical pain and suffering, past mental anguish, loss of past and future earnings, past and future loss of companionship, society, services, support, and affection of her son." The trial court's dismissal of similar tort-like damages for mental anguish that a jury awarded under the ADA and RA to parents of a disabled child was recently affirmed as a matter of law by the Fifth Circuit. "[W]e find that neither the ADA nor the Rehabilitation Act authorizes such claims." Rideaux v. Keller Indep. Sch. Dist., 819 F.3d at 169. The Court added:

> Even if we agreed with the premise that parents have individual rights they can assert under those statutes based on discrimination experienced by their disabled children, no court has ever permitted recovery of the bystander tort-like damages requested here. Agreeing with these other courts that have considered this issue, we do not see the statutory basis for doing so.

Id. at 169-70 (citations omitted). Accordingly, Smith's claims as an individual in her own behalf under the ADA and RA are dismissed with prejudice. FED. R. CIV. P. 12(b)(6).

ORDER

For the foregoing reasons, Defendant Harris County's Second Motion to Dismiss for Failure to State a Claim (Document No. 22) is GRANTED with respect to all claims filed individually by Plaintiff Jacqueline Smith in her own behalf, and such claims are DISMISSED on the merits with prejudice; and it is further

ORDERED that Plaintiff's claims putatively filed in behalf of Danarian Hawkins, Deceased's Estate are STAYED for a period of twenty-one (21) days (subject to enlargement if additional time is necessary to complete proceedings in an appropriate probate court), to allow for one who is lawfully empowered as personal representative of the Estate, to join or to substitute as the real party in interest in behalf of the Estate; and Harris County's Second Motion to Dismiss as to the putative claims of Hawkins's Estate is DENIED, without prejudice to Harris County renewing or filing anew a motion to dismiss after it is served with a copy of the pleading, if any, filed by a lawful representative of the Estate.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 10TH day of June, 2016.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE