UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE DENISE SMITH, Independent Administrator of the Estate of Danarian Hawkins, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| HARRIS COUNTY, TEXAS, | § § | CIVIL ACTION NO. H-14-2226 |
| Defendant. | § § § § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION TO DISMISS

Plaintiff respectfully requests that this Honorable Court deny Defendant's Renewed Motion to Dismiss, ECF 38, because the Court has already addressed and resolved the matter in an order dated October 5, 2016. *See* ECF 37. Ms. Smith, as the administrator of Mr. Hawkins' estate, has legal capacity to bring this suit. Ms. Smith obtained capacity after being appointed administrator of Mr. Hawkins' estate and subsequently filling Letters of Administration with this Court in accordance with its order. And Ms. Smith was properly joined or substituted as the real party in interest when the Court issued an order modifying the style of the case to show Ms. Smith as Independent Administrator of Mr. Hawkins' estate.

I.   FACTUAL BACKGROUND

Danarian Hawkins died on February 5, 2014 because Defendant Harris County, Texas failed to take obvious and reasonable measures to accommodate his known and severe mental disabilities, which included schizoaffective disorder, auditory hallucinations, and delusions. On at least a half-dozen documented occasions, Danarian informed Defendant's jailers that he heard voices in his head, often telling him to end his life. On at least five occasions prior to his death, Danarian actually attempted to hang himself in Defendant's jail. Nevertheless, on the day he died, Defendant once

1

again intentionally confined Danarian alone in a cell with the tools to end his life.

II.  NATURE AND STAGE OF THE PROCEEDINGS

On July 30, 2015, Ms. Smith filed her original complaint, both individually and as next friend of the Estate of Danarian Hawkins. *See* ECF 1. Defendant filed its first motion to dismiss all of Plaintiff's claims on November 17, 2015. *See* ECF 10. Ms. Smith responded to the substantive elements of that motion, *see* ECF 17, and amended her complaint to cure a technical redundancy caused by naming both Harris County, Texas and Harris County Sherriff's Office as Defendants. *See* ECF 16. During the initial scheduling conference in the Honorable Judge Werlein's chambers, the Court accepted Plaintiff's amended complaint and denied Defendant's first motion to dismiss as moot. *See* ECF 19.

Shortly thereafter, Defendant filed a second motion to dismiss all of Plaintiff's claims. *See* ECF 22. The Court ultimately dismissed Ms. Smith's individual capacity claims with prejudice, but denied without prejudice Defendant's motion to dismiss claims relating to the Estate of Danarian Hawkins. *See* ECF 30. The Court temporarily stayed the Estate's claims to allow for the appointment of a lawful representative. *Id.* Ms. Smith obeyed the Court's order and later notified the Court of her status as legal representative of her deceased son's estate. *See* ECF 35. Approximately two months later, the Court issued an order recognizing Ms. Smith's appointment as Administrator of Mr. Hawkins' estate and amended the caption of this case to reflect this change. *See* ECF 37.

III.  STANDARD OF REVIEW

The Court should deny a Rule 12(b)(6) motion when the plaintiff's pleadings are not deficient on their face. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). On a motion to dismiss, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (internal citation omitted). Motions to dismiss for failure to state a claim "are viewed with disfavor and [are] rarely granted."

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). When reviewing such a motion, courts are required to accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008) (internal quotation marks and citations omitted). When a governmental entity is also a defendant, as in this case, the plaintiff will often not have access to critical documents before conducting discovery, so "only minimal factual allegations should be required at the motion to dismiss stage." *Thomas v. City of Galveston*, 800 F.Supp.2d 826, 842-43 (S.D. Tex. 2011).

## IV.  ARGUMENT AND AUTHORITIES

Defendant's motion to dismiss should be denied because Ms. Smith timely obtained capacity to bring this suit when she was appointed administrator of Mr. Hawkins' estate and she timely notified the Court of her appointment by filing Letters of Administration with the Court.

Ms. Smith, as administrator of Mr. Hawkins' estate, is a proper plaintiff and has capacity to sue. A plaintiff who files a survival case despite lacking capacity at the time of filing may correct this error and obtain capacity after filing suit when the plaintiff is appointed administrator of the decedent's estate and files notice of the appointment with the court. *See generally*, *Flores v. Cameron County, Tex.*, 92 F.3d 258 (1996). Additionally, the Fifth Circuit has held that, when a plaintiff was appointed administrator of an estate and notified the court of the appointment, the court may, at their discretion, construe the notice as an amendment to the original complaint. *See Flores v. Cameron County, Tex.*, 92 F.3d 258, 272 (1996).

In *Flores v. Cameron County Tex.*, the plaintiff, Ms. Flores, filed a survival suit on behalf of her son who was killed while detained in the Cameron County Juvenile Detention Center. Ms. Flores had not established that she was the sole heir, nor had she been appointed administrator of her son's estate at the time of filing. *Flores*, 92 F.3d at 272. After filing the survival suit, Ms. Flores applied to be and was appointed temporary administrator of her son's estate. *Id.* She was appointed

3

administrator of the estate, and she filed notice of her appointment with the court. *Id.* The Defendant claimed that Ms. Flores did not have capacity to bring the suit because she was not the sole heir nor the administrator of the estate when she filed. *Id.* Furthermore, the County claimed that Ms. Flores could not cure this problem by amending the complaint after she was appointed administrator because the statute of limitations had expired. *Id.*

The Fifth Circuit held that Ms. Flores was the administrator of her son's estate even though she was not appointed administrator of the estate until after filing because she was appointed administrator and she notified the court of her appointment. *Id.* The timely notification of appointment as administrator could be construed as the amendment to the complaint required to make Ms. Flores a party to the suit in her capacity as administrator. *Id.*

Like *Flores*, Ms. Smith did not file the survival action as the sole heir or administrator of Mr. Hawkin's estate. Instead, Ms. Smith was appointed administrator of Mr. Hawkins' estate after filing - during a stay imposed by this Court. During the stay, Ms. Smith was appointed administrator, and she gave notice to the court when she filed Letters of Administration.

Like in *Flores*, this Court should construe the filing of the Letters of Administration as an amendment to Ms. Smith's complaint. The Defendant's motion to dismiss should be denied because Ms. Smith, in her capacity as administrator of Mr. Hawkins', was properly joined or substituted as the real party in interest when she filed Letters of Administration and, in effect, amended her original complaint.

Furthermore, Ms. Smith filed Letters of Administration with the Court on August 19, 2016, and the Court thereafter issued an order modifying the style of the case to reflect the Plaintiff had sued in her capacity as administrator of the estate. The Court's order reflects the Court's recognition that Ms. Smith was properly joined or substituted as Independent Administrator of the estate.

V.   CONCLUSION

The Court should deny Defendants' motion to dismiss because Ms. Smith timely obtained capacity to sue when she was appointed administrator of the estate and filed Letters of Administration with the Court.

Dated: November 1, 2016.

       Respectfully Submitted,

       /s/ Amin Alehashem
       Amin Alehashem
       Texas Bar No. 24073832
       S. Dist. No. 1134538
       Wayne Krause Yang
       Texas Bar No. 24032644
       S. Dist. No. 31053

       TEXAS CIVIL RIGHTS PROJECT – HOUSTON
       2006 Wheeler Ave.
       Houston, Texas 77004
       (832) 767-3650 (phone)
       (832) 554-9981 (fax)

       ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2016, Plaintiff's Response to Defendants' Renewed Motion to Dismiss was filed on the Southern District's CM/ECF system, which will send notification to Defendants' counsel of record at the Harris County Attorney's Office, 1019 Congress, 15th Floor, Houston, Texas 77002.

       /s/ Amin Alehashem
       Amin Alehashem