UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE SMITH, | § | |
| Independent Administrator | § | |
| of the Estate of Danarian Hawkins, | § | |
| Deceased, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:15-cv-2226 |
| | § | |
| HARRIS COUNTY, TEXAS | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**PLAINTIFF'S OPPOSED MOTION TO COMPEL PAYMENT OF PLAINTIFF'S EXPERT JAMES UPCHURCH'S DEPOSITION FEES AND EXPENSES**

Pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), Plaintiff requests the Court order Defendant to pay Plaintiff's expert, James Upchurch, the reasonable fees and expenses he incurred from being deposed by the Defendant. Moreover, because it is unreasonable for Defendant to refuse to pay Mr. Upchurch's reasonable fees and expenses, Plaintiff requests that Defendant be ordered to pay attorneys' costs and fees associated with the filing of this motion.

**BRIEF STATEMENT OF FACTS**

Plaintiff designated James Upchurch as a corrections management expert in this case on October 20, 2017, Designation at Doc. 99, and provided Defendant with Upchurch's report on July 5, 2017, including "a statement of compensation to be paid for testimony in the case, Ex. 1. Plaintiff also produced Upchurch's resume on June 22, 2017, which made it clear that he was based in Tallahassee, Florida. Doc. 71, Ex. 6. Defendant then noticed Upchurch's deposition for February 1, 2018, in Houston, Texas. Ex. 2. After the deposition, Upchurch submitted an invoice seeking payment of the following reasonable fees and expenses: (1) 13.5 hours of deposition-preparation time, billed at $150.00 per hour; (2) 7.75 hours of deposition time, billed at $300.00

1

per hour; (3) two days of travel fees at $500.00 per day; and (4) out of pocket expenses directly relating to the deposition, including $518.00 for airfare between Tallahassee, Florida and Houston, Texas; $264.00 for two nights lodging in Houston; and three days of meals and incidentals per diem at the General Services Administration rate of $59.00 per day. Ex. 3. Plaintiff sent this invoice—totaling $6,234.36—to Defendant on March 16, 2018. Ex. 4, pg 8. More than six weeks later, on May 1, 2018, Defendant responded by remitting to Upchurch a check for only $3,947.36. Ex. 7. The $2,275.00 that Defendant has refused to pay consists of $1000.00 for Upchurch's travel fees of $500.00 per day for two days, plus $1,275.00 for 8.5 hours of deposition preparation time at $150.00 per hour.

Defendant maintains that any payment beyond $3,947.36 is unreasonable. See e.g., Ex. 4, pg. 3. Plaintiff has unsuccessfully attempted to meet and confer with Defendant. *Id*., pgs. 1-2. Plaintiff therefore has no choice but to request the Court order Defendant pay Mr. Upchurch the remaining $2,275.00 he is owed. Plaintiff further requests the Court order reimbursement of attorneys' fees for the time spent preparing this motion.

## ARGUMENT

### I. Defendant Must Reimburse Mr. Upchurch's Fees and Unpaid Deposition Preparation Time Because They are Reasonable

"[T]he court *must* require that the party seeking discovery" pay an expert a "reasonable fee" for time spent in responding to discovery unless "manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(E) (emphasis added); *accord Knight v Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007). "Manifest injustice" occurs where there is a "direct, obvious, and observable" error. *See Black's Law Dictionary* (10th ed. 2014).

The burden of showing that fees and expenses are "reasonable" falls on the party seeking to compel payment. *Veasey v. Abbott*, No. 2:13-CV-193, 2017 WL 1092307, at *2 (S.D. Tex.

Mar. 23, 2017). The following factors are relevant in assessing the "reasonableness" of claimed fees:

> (1) the witness's area of expertise; (2) the education and training required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests.

*Id.*

Finally, fees reimbursed in this context frequently "include time spent in preparing for the deposition, in traveling to the deposition, and in the deposition." *See, e.g., Stewart v. City of Houston*, No. H-074021, 2010 WL 1524015, at *1 (S.D. Tex. April 14, 2010); *Nester v. Textron, Inc.*, No. 1:13-CV-920 RP, 2016 WL 6537991, at *3-4 (W.D. Tex. Nov 3, 2016); *accord Veasey*, 2017 WL 1092307, at *2 ("District courts within the Fifth Circuit have generally found that time spent preparing for a deposition is compensable under Rule 26(b)(4)(E).").

*a. Defendant Must Pay Mr. Upchurch's Travel Time Fees*

As already mentioned, Mr. Upchurch invoiced Defendant $1000.00 for travel time at a rate of $500.00 per day for the two days required to travel between Tallahassee, Florida and Houston, Texas. Ex. 3. Under the rules discussed above, this amount was reasonable and Defendant is obligated to reimburse him.

First, Mr. Upchurch spent 14.5 hours over two days traveling back and forth between Houston and Tallahassee. Ex. 8. The $1000.00 he asks for this time is significantly less than half of what he would have charged under his regular rates. *See id.* (normal rates are $150.00 per hour for deposition preparation time and $300.00 per hour for deposition testimony). This places his travel-time fees well within the ambit of what courts routinely uphold as "reasonable." *See, e.g.,*

3

*Nester*, 2016 WL 6537991, at *4 (finding it reasonable for an expert to charge their *full fee* for time spent travelling); *Mannarino v. U.S.*, 218 F.R.D. 372, 377 (E.D.N.Y. Oct. 28, 2003) (compensation for travel time should be half the regular hourly amount charged); *Bonner v. Am. Airlines*, 1997 WL 802894 , at *1 (S.D.N.Y. Dec. 31, 1997) (ordering defendant pay plaintiff's counsel at more than half the expert's regular rate for 8.5 hours of time spent travelling between New York and Connecticut). Furthermore, some courts have found it reasonable to compensate experts for travel time at their regular hourly rates because that travel time could have otherwise been spent billing for other work at regular rates. *See, e.g.*, *Nester*, 2016 WL 6537881 at *4 ("[I]t is reasonable that an expert may charge the same amount for both travel time and other work because if the expert was not traveling, he or she might be able to bill their full rate on other work."); *McHale v. Westcot*, 893 F. Supp. 143, 151 (N.D. N.Y. July 19, 1995) (expert should be compensated for any time where he was unavailable to do other work).[1] Under that approach, Mr. Upchurch's request for compensation well under his normal hourly rates is eminently reasonable.

Second, as Defendant knows, Mr. Upchurch and other experts are routinely compensated for travel time at rates both comparable to and greater than that requested here. *See, e.g.*, Ex. 5 (Margo Frasier Invoice); Ex. 8 (Declaration of James Upchurch); Ex. 9 (Declaration of Scott Medlock); *see also Nester*, 2016 WL 6537881, at *4 (finding $1500.00 flat fee to be reasonable compensation for 10 hours of travel time based on rates charged by similar experts and the length of time required to travel between Austin and New Orleans); *McCaig v. Wells Fargo Bank (Texas), N.A.*, 2014 WL 360546, at *3 (S.D. Tex. Feb. 3, 2014), *vacated on other grounds*, 788

---

[1] Furthermore, Mr. Upchurch's travel rate of $500 per day is less than what it would have cost had he charged for his travel time using either his $150 per hour deposition preparation rate or his $300 per hour deposition rate given that it took him 7 hours and 15 minutes to travel from Tallahassee to Houston, and 8 hours and 15 minutes to travel from Houston to Tallahassee.

4

F.3d 463 (5th Cir. 2015) (ordering payment for expert's travel time at $400 an hour). In fact, Defendant's own corrections expert, Margo Frasier, billed Plaintiff, and Plaintiff paid, $100.00 per hour for the 6.25 hours it took her to travel from Austin to Houston and back for her deposition in this case. Ex. 5. In addition, she charged Plaintiff, and Plaintiff paid, $0.535 per mile for the 340 miles of travel between Houston and Austin for a total of $181.90 in mileage reimbursement expenses. *Id*.

Finally, Defendant claims ignorance of the fact that noticing Mr. Upchurch's deposition to take place in Houston carried the risk of Mr. Upchurch charging travel fees. Ex. 10. Defendant suggests that had it realized Mr. Upchurch would need to travel it may have chosen to depose him in Florida. *Id.* Plaintiff finds this hard to believe. Defendant received Mr. Upchurch's CV, which clearly states that Mr. Upchurch is based in Tallahassee, Florida, over seven months before noticing his deposition to take place in Houston, Texas. Doc. 71, Ex. 6. That Defendant would be "surprised" by Mr. Upchurch's request for travel fees is therefore unlikely.[2]

In conclusion, for the reasons just discussed, Mr. Upchurch's travel fee of $1000 for 14.5 hours of travel over two days is reasonable and there is no basis for a finding that "manifest injustice would result" if Defendant were ordered to pay the fee. *See* Fed. R. Civ. P. 26(b)(4)(E). The court should require Defendant pay Mr. Upchurch .

**b. *Defendant Must Pay Mr. Upchurch's Deposition Preparation Fees***

Defendant refuses to pay for the full 13.5 hours of Mr. Upchurch's deposition preparation time. *See* Ex. 3.[3] Instead, Defendant has paid for only 5 of those hours, meaning that it still owes

---

[2] Defendant did not request any alternatives to in person deposition, such as a video deposition or teleconference deposition, as permitted by Rule 26, nor did Defendant ask for clarification or further information regarding any costs associated with Mr. Upchurch's necessary travel from Tallahassee to Houston for his in-person deposition.
[3] Defendant inappropriately suggests that Mr. Upchurch's review of his own notes is somehow less rigorous than review of the documents themselves. This ignores the fact that Mr. Upchurch's notes were based on nearly 10,000 pages worth of documents, and reviewing them required regular cross-reference to the documents. Defendant

Mr. Upchurch for 8.5 hours of time, billed at $150.00 per hour, for a total of $1,275.00. Because both the amount of time billed and the hourly rate are reasonable, Defendant must pay this remainder.

First, Mr. Upchurch's hourly rate is reasonable and within the range of rates usually charged in this context. As evidence of this Plaintiff has attached a declaration from attorney Scott Medlock, who has handled numerous jail and prison cases and retained and worked with correctional management experts. Ex. 9 (Declaration of Attorney Scott Medlock). Mr. Medlock states that in his experience, correctional management experts typically charge between $100.00 and $275.00 per hour for deposition preparation. *Id.* The accuracy of this range is borne out by the fact that Defendant's own correctional expert, Margo Frasier, charged Plaintiff an hourly rate of $275 for deposition preparation and testimony. Ex. 5 (Margo Frasier Invoice).

Furthermore, Mr. Upchurch has over forty years of experience qualifying him as a correctional management expert, including fifteen years as Bureau Chief for Security Operations for the Florida Department of Corrections system. Ex. 1, pg 2. He has worked in various capacities in prisons across several states, contributed to several corrections "best practices" publications, and has testified as an expert witness in corrections management in many cases similar to this one. *See* Doc. 99 pg. 2-3; *see also* Doc. No. 74, Ex. 24 (filed under seal). His extensive background and knowledge in the corrections management field weighs in favor of an hourly rate on the higher end of the $100.00–$275.00 per hour range, particularly given the complexity of the issues in this case. Mr. Upchurch's $150.00 hourly rate for deposition preparation—on the lower end of the scale—is therefore reasonable.

---

additionally and incorrectly characterizes Mr. Upchurch's testimony as suggesting all he did was review his notes, which is not the case.

Second, the 13.5 hours that Mr. Upchurch spent preparing for the deposition was reasonable when placed against the voluminous record he was required to evaluate. In order to draft his report, Mr. Upchurch reviewed more than 7,000 pages of documents Defendant produced, hundreds of pages of depositions, and hundreds of pages of records regarding Hawkins, including medical records obtained via third-party subpoenas. Ex. 8. Additionally, between the time that he completed his report on July 5, 2017, and the time of his deposition on February 1, 2018, Defendant produced several hundred additional pages of discovery, and the parties had taken an additional three depositions—including the depositions of Defendant's experts. *Id.* All of this material was provided to Mr. Upchurch prior to his deposition. It is reasonable that Mr. Upchurch spent 13.5 hours reviewing, or re-reviewing, these materials, his notes, and any other materials, to refresh his memory on the facts of this case in order to answer Defendant's questions during deposition.[4] *See Veasey*, 2017 WL 1092307, at *2 (finding 8.5 hours of preparation time reasonable where time between expert's report and deposition was three months; the deposing party was required to pay for the preparation time despite deposition being one month before trial).

In addition, Mr. Upchurch's deposition lasted 7.75 hours. The ratio of his preparation time to his deposition time is therefore 1.74:1, and courts routinely find ratios in that range—even up to 3:1—to be reasonable. *See Script Security Solutions, LLC v. Amazon.com, Inc.*, 2016 WL 6649721, at *7 (E.D. Tex. Nov. 10, 2016) (collecting cases); *see also U.S. ex. rel. Liotine v. CDW-Government, Inc.*, No. 3:05-cv-33-DRH-DGW, 2012 WL 1252982, at *2 (S.D. Ill. April 13, 2012) (finding ratio of 1.7:1 reasonable and requiring deposing party to pay for 12.2 hours of preparation time); *Logan v. Smithfield Foods, Inc.*, 4:05-cv-766, Doc 177 (S.D. Tex. Sept. 27, 2010) (compelling the deposing party to pay expert fees for 14.5 hours of deposition preparation

---

[4] In comparison, Margo Frasier spent roughly 10 hours preparing for her 4.25 hour long deposition. *See* Ex. 5.

7

for a 10.5 hour deposition, a 1.4:1 ratio), *citing Top Tobacco, L.P. v. N. Atl. Operating Co.*, No. 06 C 950, 2007 WL 1149220, at *8 (N.D. Ill. Apr. 17, 2007) (finding a ratio of 2:1 deposition preparation to deposition time is reasonable).[5]

Because both Mr. Upchurch's hourly rate and the amount of time he spent preparing for his deposition are reasonable, the court should compel Defendant to pay Mr. Upchurch for the remaining 8.5 hours of preparation time, at $150.00 per hour, for a total of $1,275.

## II.     Defendant Should Pay Plaintiff's Attorneys' Fees for this Motion.

Lastly, where a party's motion to compel is granted, or the requested disclosure or action is provided after the motion is filed, the court must require the opposing party to pay the moving party's reasonable fees and expenses, unless (1) the moving party did not confer in good faith before filing the motion; (2) the opposing party was substantially justified in their objection; or (3) doing so would be otherwise unjust. Fed. R. Civ. P. 37(a)(5)(A); *Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 402 (5th Cir. Nov. 14, 2008) (imposing sanctions for failure to comply with discovery requests).

As set forth above, Plaintiff attempted in good faith to obtain the payment sought herein without court action. Ex. 4. Defendant's refusal to pay Mr. Upchurch the amount billed was not justified, and it would serve the interests of justice to award Plaintiff expenses in light of the facts showing that Defendant's objections were unfounded. *See* Fed. R. Civ. P. 37(a)(5)(A). None of the exceptions to the general rule apply here. Plaintiff respectfully requests that the Court order Defendant pay Plaintiff the reasonable expenses, including attorneys' fees, spent in filing this motion.

---

[5] As Plaintiff has explained to Defendant, Upchurch's 13.5 hours of preparation time does not include any time Upchurch spent with Plaintiff's attorneys preparing for the deposition.

**CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests the Court compel Defendant to pay James Upchurch the remaining $2,275.00 he is owed for time spent traveling to and from, and preparing for, his deposition. Plaintiff further requests the Court order Defendant pay Plaintiff's attorneys' fees incurred in the preparation and the filing of this motion.

Dated: July 17, 2018

        Respectfully submitted,

        /s/ *Hannah Herzog* _
        Hannah Herzog
        Texas Bar No. 24094360
        Southern District No. 3006708

        Natalia Cornelio
        Illinois Bar No. 6289267
        Southern District No. 1278866
        TEXAS CIVIL RIGHTS PROJECT
        405 Main St, Suite 716
        Houston, Texas 77002
        Tel: (832) 767-3650
        Fax: (832) 554-9981
        natalia@texascivilrightsproject.org
        hannah@texascivilrightsproject.org

        Ranjana Natarajan
        Texas Bar No. 24071013
        Southern District No. 2147709.
        THE UNIVERSITY OF TEXAS
        SCHOOL OF LAW
        Civil Rights Clinic
        727 E. Dean Keeton St.
        Austin, TX 78705
        Tel: (512) 232-7222
        Fax: (512) 232-0800
        rnatarajan@law.utexas.edu

        Thomas M. Gutting
        State Bar No. 24067640
        S. Dist. No. 24067640
        Bryan E. Zubay

                                    Texas Bar No. 24102688
                                    S. Dist. No. 3027179
                                    KING & SPALDING LLP
                                    1100 Louisiana, suite 4000
                                    Houston, Texas 77002
                                    (713) 276-7358
                                    tgutting@kslaw.com
                                    bzubay@kslaw.com

*Attorneys for Plaintiff Jacqueline Smith In Her Capacity as Executor of the Estate of Danarian Hawkins, Deceased*.

## CERTIFICATE OF SERVICE

      By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record on July 17, 2018, through the Electronic Case File System of the Southern District of Texas.

                                            /s/ *Hannah Herzog*

## CERTIFICATE OF CONFERENCE

The parties have attempted to confer regarding this matter. Specifically, the parties exchanged emails regarding this matter on March 16, March 19, March 21, March 29, April 11, April 25, May 17, May 25, and July 17. Despite good faith efforts, the parties were unable to come to an agreement.

/s/ *Hannah Herzog*