UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE SMITH, | § | |
| Independent Administrator | § | |
| of the Estate of Danarian Hawkins, | § | |
| Deceased, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:15-cv-2226 |
| | § | |
| HARRIS COUNTY, TEXAS | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO HER OPPOSED MOTION
TO COMPEL PAYMENT OF PLAINTIFF'S EXPERT JAMES UPCHURCH'S
DEPOSITION FEES AND EXPENSES**

Whether the Court should grant Plaintiff's motion depends on the answer to a simple

question: Are the fees relating to her correctional expert's deposition preparation and travel time

reasonable?  Plaintiff has established that the answer is a clear "yes." *See Pl. Motion to Compel Payment,*

Doc. 174 pp. 2-8. Because the fees are reasonable, this Court must order payment of fees. *See* Fed R.

Civ. P. 26(b)(4)(E).[1] Defendant's objections to paying these expert fees are unfounded, defy well-

settled law, and must be overruled. *See Def. Response,* Doc 176. This Court should grant Plaintiff's

Motion and all of her requests for relief including compelling Defendant to pay: 1) the remainder of

Mr. Upchurch's reasonable deposition fees and 2) attorney's fees for unreasonably forcing Plaintiff

to litigate this issue.

**1.    Defendant Must Pay Travel Time Fees**

Relying on well-established factors, Plaintiff has shown that Mr. Upchurch's deposition

travel time fees in the amount of *$1000 for two full days of travel* between Houston and Florida are well

---

[1] The sole exception to this Rule is for cases in which ordering payment results in a manifest injustice. Fed R. Civ.
P. 26(b)(4)(E). There is no such exception applicable in this case, nor has Defendant shown that any manifest
injustice would occur. *See* Doc 176.

within the confines of what is reasonable. Doc. 174 at 2-5. Upchurch has 43 years of experience in the field of corrections, including 21 years of experience consulting as an expert in corrections in state and federal cases across the country. Doc. 174-8 (Upchurch Affidavit). His rates are $150/hour for document review and report drafting, and $300/hour for deposition testimony. *Id.* In order to be deposed by Defendant, Upchurch lost an opportunity to work for two full business days while travelling to and from Houston.

The Federal Rules require that the party ordering discovery reimburse expert witnesses for reasonable fees incurred. Fed. R. Civ. P. 26(b)(4)(E). The caselaw makes clear that this rule of reimbursement includes travel time. Doc. 174 at 4 (citing *Nestor v. Textron*, 2016 WL 6537991 (W.D. Tex 2016); *Veasey v Abbott*, 2017 WL 1092307 (S.D. Tex 2017)). To the extent that the Defendant disputes *the fact* that it must reimburse Upchurch for his travel time, such a contention is plainly contrary to case law. *Id.* Defendant concedes that Plaintiff disclosed her expert's hourly rate, Doc 176. at 4 n.4, and that it was aware that Upchurch "hailed from Florida and fully expected to compensate Upchurch for his travel expenses," *id.* at 5. These concessions are sufficient to establish that Defendant is obligated to pay Upchurch for his travel time.

Since Defendant must reimburse Upchurch for travel time, the only appropriate question is whether Upchurch's *rates* are reasonable.  The legal authority presented in Plaintiff's motion makes clear that reasonable rates for travel time are rates charged at half of or the full extent of an expert's regular rate. *See* Doc 174. p. 4 (citing *Nestor*, 2016 WL 6537991, *Veasey*, 2017 WL 1092307, and other cases). Because the standard rates upheld as reasonable are well above the actual fees Upchurch has charged here (less than half of his lowest rate for over 14 hours of travel), the travel time fees invoiced are indisputably reasonable. Doc 174, pp. 3-4. To the extent that Defendant suggests that the reasonableness of a travel fee is undermined by a lack of explicit disclosure of travel fees in a fee schedule, Defendant cites no legal authority to support the proposition that whether travel time fees

must be paid is at all dependent upon whether and how fees are disclosed. Doc 176. Instead, Defendant concedes that it was aware of Upchurch's hourly rate, and that he would be travelling between Houston and Florida. *Id.* at 4-5.

Defendant's statement that the fees are unreasonable because they constitute an "unfair surprise" is also not credible because: 1) Defendant has engaged in sufficient litigation to know that experts are compensated for travel time[2]; and 2) *Defendant's own expert charged $625 in travel time fees for travelling between Austin and Houston without previously disclosing such fees to Plaintiff's counsel.* Rather than concede that such fees are reasonable, *Defendant faults Plaintiff for paying Defendant's expert travel time fee without dispute*, and notes that, had "Plaintiff raised the issue with Harris County before paying the travel fee, Harris County would have discussed the issue at that time[3]." Doc. 176 at 6. Nonetheless, Defendant's own conduct— namely, invoicing, accepting, and not refunding payment for travel time fees of their expert, who had not previously disclosed fees –further establishes that payment for travel time fees (at a rate of $100/hour) is reasonable, and that no manifest injustice occurs when such payment is made.

## 2. Defendant Must Reimburse Upchurch for Deposition Preparation Time

With respect to preparation time, Defendant has arbitrarily and unilaterally, without citation to authority, determined that five (5) hours is the appropriate amount of preparation time for Mr. Upchurch. Defendant nitpicks how much time it believes he should have taken based on a confusing interaction between Defendant's counsel and Upchurch during the deposition. Doc. 176 at 7. But as Upchurch clearly states in his affidavit, *see* Doc 174-8, he spent 30 hours reviewing his

---

[2] Defendant's counsel, Laura Hedge and Keith Toler, *currently* represent Harris County as a Defendant in *eight civil lawsuits.*

[3] Plaintiff did seek to raise the issue of Frazier's billing of travel fee without advance notice on April 25, 2018, after payment, in an effort to resolve this issue with Defendant without involving the Court. Doc 174-5, p. 6. Defendant did not offer to strike the fee, reimburse the fee, or otherwise address this point whatsoever *at that time.*

notes and other materials that included cross referencing nearly 10,000 pages of discovery, *id*. He cut

fees and only billed for 13.5 hours of work. *Id*. This clearly constitutes reasonable preparation time

under law, *see* Doc. 174 at p. 7-8 (discussing cases), and as evidenced by the fact that Defendant's

own corrections expert spent 10 hours preparing for her deposition in this case, Doc. 174-6. Indeed,

when Plaintiff raised an inquiry into Ms. Frazier's billing of her preparation time, Defendant clarified

that 10 hours were spent preparing for deposition, and that it was reasonable. This further

undermines Defendant's baseless insistence that Upchurch required only five hours of deposition

preparation.

Moreover, while Defendant's expert charged her full rate of $275/hour for deposition

preparation, Mr. Upchurch charged a lesser rate of $150/hour for his deposition preparation time.

Doc. 174-4, 174-8. This consideration should weigh into the reasonableness balance as follows: the

**$2,025** total amount billed for 13.5 hours of deposition preparation by Upchurch, who has 43 years

of experience, is comparably reasonable to the **$2,750** amount billed (and paid by Plaintiff!) for

Defendant's correctional expert deposition preparation time of 10 hours, where she has 40 years of

experience. Defendant's argument to the contrary simply cannot stand.

3. **Defendant's Response Focuses on Factors that are Not Relevant**.

Defendant's response relies largely upon a single, irrelevant factor: that Plaintiff's experts

were late designated after the Court granted leave. *See* Doc 176; *see also Order Granting Leave to Late*

*Designate Experts,* Doc 98. Defendant cites no authority to support the proposition that a proper

designation of experts exempts it from abiding by its legal and ethical obligations to pay reasonable

costs and fees associated with its deposition of an expert witness. *See* Doc 176. Defendant's

objections are improper, *see* Local Rule 7.4(c) ("Responses to motions must include or be

accompanied by authority"), and must be overruled. Indeed, Defendant raised the issue of added

costs in opposing the late designation,[4] and both this Court and the District Court overruled these objections by granting the late designation.[5] *See* Docs. 98 & 111. To the contrary, in denying Defendant's appeal of this Court's order granting leave to late-designate experts, the District Court acknowledged that, "[o]bviously, there are costs associated with the additional witnesses designated by Plaintiff," and further stated that "[b]oth side suffer when litigation becomes protracted." *Order*, Doc. 111.

Permitting non-payment of fees *now* would unfairly prejudice Plaintiff and would be contrary to prior Orders by the Court. Defendant's reliance on this factor is baseless and must be disregarded.

### 4. Defendant's Motion for a Continuance is Improper and Must be Struck

Defendant also unilaterally demands a third continuance of its deadline to file dispositive motions, while leaving Plaintiff's deadline the same. *See* Doc. 1476, p. 10-11. Local Rule 7.1(D) mandates that motions to continue be accompanied by conference with opposing counsel. No such conference occurred. Because Defendant's request for continuance does not conform to the local or federal rules, it should be struck. *See* LR 11.4. Plaintiff additionally notes that this continuance would apply *only* to Defendant and not Plaintiff, something to which Plaintiff would never have agreed because it is patently unfair.

### 5. Defendant's Accusations Against Plaintiff are Unjustifiable

Defendant unjustifiably accuses Plaintiff of harassment and dilatory tactics prejudicial to Defendant. Doc. 176 at 9-11. The sole basis for this assertion is that *Plaintiff has timely filed this motion* while Defendant is preparing its motion for summary judgment. This argument is without merit.

---

[4] *See* Docs. 73 (Defendant Response to Motion to Late Designate), 103 (Transcript of Hearing), and 100 (Defendant Objection to Magistrate Order).

[5] Indeed, throughout the course of extensive briefing regarding whether Plaintiff could late designate an expert, an oral argument regarding the same, and a written appeal to the District Court, Defendant never requested that it be relieved from its obligations to pay reasonable fees related to deposing Plaintiff's expert.

First, Plaintiff filed this motion within the confines of the Court's scheduling order. *Order*, Doc. 172. Defendant's accusations that Plaintiff seeks to "distract" Defendant with a timely motion based soundly on settled law and indisputable facts are baseless.

Second, Plaintiff conferred repeatedly with Defendant regarding payment of Upchurch's fees in order to resolve the issue without litigation, providing all the relevant facts and governing case law. *See, e.g.*, Doc. 174-10. Plaintiff then twice formally conferred with the County regarding the filing of this motion, without success. Defendant refused to resolve the payment of Plaintiff's expert despite being informed of the relevant facts and case law.

Third, if Defendant needed more time to respond to this motion, Defendant could have sought Plaintiff's agreement for an extension. Similarly, Defendant could have sought an extension from the Court to respond to Plaintiff's motion, but it did not.

Finally, Plaintiff's filing of this motion is not dilatory. The only recent delays to this scheduling order are two agreed motions to extend the dispositive and non-dispositive motion deadline made *at the urging of the Defendant*. See, e.g., Doc. 176, at 10 ("Harris County… sought to extend the dispositive motions deadline."). Plaintiff agreed to these reciprocal extensions as a professional courtesy and in the interests of comity.

## Conclusion

For the reasons stated, this Court must order Defendant to pay Mr. Upchurch's reasonable fees associated with his deposition for travel time and preparation time. Moreover, the Court should order that Defendant pay attorneys' fees for unreasonably forcing this issue to be litigated.

Dated: August 14, 2018

Respectfully submitted,

/s/ *Natalia Cornelio*
Natalia Cornelio
Illinois Bar No. 6289267
Southern District No. 1278866

TEXAS CIVIL RIGHTS PROJECT
405 Main St, Suite 713
Houston, Texas 77002
Tel/Fax: (832) 767-3650/(832) 554-9981
natalia@texascivilrightsproject.org

Ranjana Natarajan
Texas Bar No. 24071013
Southern District No. 2147709
THE UNIVERSITY OF TEXAS SCHOOL OF LAW
727 E. Dean Keeton St.
Austin, TX 78705
Tel/Fax: (512) 232-7222/(512) 232-0800
rnatarajan@law.utexas.edu

Thomas M. Gutting
Texas Bar No. 24067640
Southern District No. 1033382
KING & SPALDING LLP
1100 Louisiana, suite 4000
Houston, Texas 77002
Tel: (713) 276-7358
tgutting@kslaw.com

*Attorneys for Plaintiff Jacqueline Smith In Her Capacity as
Executor of the Estate of Danarian Hawkins, Deceased.*

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record on August 14, 2018, through the Electronic Case File System of the Southern District of Texas.

/s/ *Natalia Cornelio*

7