UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE SMITH, | § | |
| *Plaintiff*, | § | |
| | § | Cause No. 4:15-cv-02226 |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| *Defendant*. | § | |

## HARRIS COUNTY'S MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S TWO DAUBERT MOTIONS

To the Honorable Ewing Werlein Jr., United States District Judge:

Defendant Harris County, Texas, files this motion to extend time to respond to Plaintiff's Opposed Daubert Motion to Exclude Certain Opinion Testimony by Defendant's Proposed Expert Margo L. Frasier [Doc. 182] and Plaintiff's Opposed Daubert Motion to Exclude Certain Opinion Testimony by Defendant's Proposed Expert Joseph V. Penn, M.D. [Doc. 184], respectfully showing the Court the following:

### NATURE & STAGE OF THE PROCEEDING

1. On August 17, 2018, Plaintiff filed two motions to exclude expert testimony from each of Harris County's two expert witnesses. Docs. 182 & 184. The same day, Harris County filed its Motion for Summary Judgment. Doc. 187. Contemporaneously, Harris County filed an unopposed motion to extend the page limits on its Motion for Summary Judgment, which the Court granted in part but gave leave to Harris County to file an amended motion for summary judgment within 14 days. Doc. 191. The deadline for the amended motion for summary judgment was Tuesday, September 4, 2018, the day after the Labor Day holiday. *Id.*

2. Harris County's response to Plaintiff's two *Daubert* motions is due on September 7, 2018, only 3 days after Harris County's amended summary judgment

motion is due. Harris County seeks a 14-day extension to respond to Plaintiff's two *Daubert* motions due to the following time constraints that make a timely response unattainable: (1) the substantial amount of time needed to make significant changes to the amended motion for summary judgment (reducing it from 72 pages to 40 pages), (2) the previously scheduled deadlines for discovery and pleadings in other important litigation that were impacted, and (3) the unavailability of Harris County's expert, Dr. Penn, who is traveling internationally.

## ARGUMENT

3. A court may grant a request to extend time for good cause. Fed. R. Civ. P. 6(b)(1)(A).

4. Good causes exists for the requested extension. On August 20, 2018, the Court unexpectedly ordered Harris County to reduce its 72-page summary judgment motion to 40 pages and ordered Harris County to file an amended motion for summary judgment by Tuesday, September 3, 2018—just 3 days before its responses to Plaintiff's two *Daubert* motions were due.

5. The *Daubert* motions are 20 and 23 pages in length, respectively. They each include 8–10 exhibits, references to articles or studies that are not attached but must be found online, and Dr. Penn's *Daubert* motion includes incomplete excerpts of testimony. The first *Daubert* motion challenges 5 separate opinions given by Margo Frasier. Doc. 182. The second *Daubert* motion challenges 4 separate opinions given by Dr. Penn. Doc. 184.

6. It is unquestionable that an expert's testimony can be a critical component of a party's defense in a lawsuit. Harris County needs adequate time to address both of these *Daubert* motions because Plaintiff is seeking to improperly cripple Harris County's defense of the case. This request is sought so that justice would be done and is not for undue delay.

7. Harris County's counsel spent a significant amount of time and resources editing and re-drafting its amended motion for summary judgment, which reduced the time available to respond to Plaintiff's two *Daubert* motions. It took numerous long days to condense and refine the facts and legal arguments in the summary judgment motion.

8. Harris County's counsel also had numerous other deadlines that impacted their available time to work on the responses to the *Daubert* motions.[1] Since August 20, 2018 (the date the Court ordered Harris County to reduce the pages of its summary judgment motion), Harris County's counsel also had the following previously scheduled deadlines for discovery and pleadings in other important litigation:

**Laura Hedge**

- Researched and drafted motion for summary judgment, due and filed on August 24, 2018, in *Candice Hinton v. Harris County*, pending in the Southern District of Texas, Houston Division, Case No. 4:18-CV-00912 (death-in-custody case);

- Prepared Expert Witness Designation, due and filed on August 24, 2018, in *Ray Chatham, et al. v. Harris County*, pending in the Southern District of Texas, Houston Division, Case No. 4:17-cv-02655 (officer-involved shooting case);

- Drafted multiple sets of Interrogatories, Requests for Admissions, and Requests for Production of Documents to several Plaintiffs in *Ray Chatham, et al. v. Harris County* (cited above), sent on August 28, 2018, the day before the deadline to serve written discovery; and

---

[1] Harris County also notes that it has only two attorneys working on this case compared to Plaintiff's team of lawyers employed by a large international law firm, a legal clinic at the University of Texas Law School, and the Texas Civil Rights Project with several offices in Texas.

3

- Drafted objections and responses to Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production of Documents and communicated with clients to obtain documents and information for discovery that is due on Monday, September 10, 2018, in *Ray Chatham, et al. v. Harris County* (cited above).

**Keith Toler**

- Prepared Answer due and filed on August 28, 2018, in *Green, et al, v. Harris County, et al*, pending in the Southern District of Texas, Houston Division, Case No. 4:16-cv-00893;

- Assisted in preparation of Joint Discovery/Case Management Plan due and filed on August 21, 2018, in *Woods, et al, v. Harris County, Texas, et al*, pending in the Southern District of Texas, Houston Division, Case No. 4:18-cv-01152;

- Prepared for and attended initial pretrial and scheduling conference in *Woods, et al, v. Harris County, Texas, et al* (cited above);

- Conferred with expert and compiled and sent documents to expert to review in preparation for expert designation deadline on September 21, 2018, in *Jackson, et al, v. Harris County, et al*, pending in the Southern District of Texas, Houston Division, Case No. 4:17-cv-03885.

9.  Harris County has had little time to review Plaintiff's two *Daubert* motions, research the case law, confer with its experts on the issues raised, and draft a meaningful response. Dr. Penn is currently traveling internationally and will not return until next week. Allowing a 14-day extension will give Harris County an adequate opportunity to draft a meaningful response that will aid this Court in efficiently and effectively reaching its decision.

10. Plaintiff will not be prejudiced. Plaintiff has requested a hearing on their *Daubert* Motions and the Court has not yet scheduled a hearing date so there is sufficient time for the Plaintiff to receive Harris County's Responses and prepare for the hearing. Moreover, while conferencing on this motion, Plaintiff's counsel indicated they would "accommodate" Harris County's request for more time *only if* Harris County agreed to a 56-day extension for Plaintiff to respond to Harris County's Amended Motion for Summary Judgment, an unreasonable request Harris County could not agree to. Harris County offered to likewise not oppose Plaintiff seeking a 14-day extension, but the offer was rejected. Harris County has good cause to seek this extension.

## CONCLUSION & REQUEST FOR RELIEF

11. Harris County has shown good cause to extend its time to respond to Plaintiff's two *Daubert* motions. Good cause is shown by the substantial amount of time Harris County needed to make significant changes to its amended motion for summary judgment, the previously scheduled deadlines for discovery and pleadings in other important litigation that were impacted, and the unavailability of Harris County's expert, Dr. Penn.

For these reasons, Harris County respectfully requests the Court to extend its time to respond to Plaintiff's Opposed *Daubert* Motions by 14 days to and including September 21, 2018.

**Date: September 6, 2018**

        Respectfully submitted,

        By: */s/ Keith A. Toler*
        **LAURA BECKMAN HEDGE**
        Assistant County Attorney
 &nbsn;      **Attorney-in-Charge**
        Texas Bar No. 00790288

Southern District of Texas No. 23243

HARRIS COUNTY ATTORNEY'S OFFICE
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5137
Facsimile: (713) 755-8924
Email: Laura.Hedge@cao.hctx.net

**OF COUNSEL:**

VINCE RYAN
Harris County Attorney

KEITH A. TOLER
Assistant County Attorney
Texas Bar No. 24088541
Southern District of Texas No. 2599245

HARRIS COUNTY ATTORNEY'S OFFICE
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5265
Facsimile: (713) 755-8924
Email: Keith.Toler@cao.hctx.net

**COUNSEL FOR DEFENDANT**
**HARRIS COUNTY, TEXAS**

## CERTIFICATE OF CONFERENCE

I certify that on September 6, 2018, Defendant's counsel emailed Plaintiff's counsel **twice** regarding this motion. Plaintiff's counsel indicated that, while she would "accommodate" our requested extension, she would do so only if Harris County would not oppose her request for a 56-day extension to respond to Harris County's Amended Motion for Summary Judgment. Harris County could not agree to this unreasonable request, and Plaintiff rejected Harris County's counteroffer to not oppose a 14-day extension request.

*/s/  Keith A. Toler*
**KEITH A. TOLER**
Assistant County Attorney

## CERTIFICATE OF SERVICE

I certify that on September 6, 2018, I filed a true and correct copy of the foregoing motion with the Court's CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties' counsel.

**Plaintiff's Counsel**

Hannah Herzog
Natalia Cornelio
Texas Civil Rights Project – Houston
405 Main Street, Suite 716
Houston, Texas 77002

Ranjana Natarajan
The University of Texas School of Law
Civil Rights Clinic
727 East Dean Keeton Street
Austin, Texas 78705

Thomas M. Gutting
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002

*/s/  Keith A. Toler*
**KEITH A. TOLER**
Assistant County Attorney